UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHARLES MATTERN,

              Plaintiff,

    -against-

PKF O'CONNOR DAVIES, LLP,
HENRY A. FREIRE, in his individual
capacity, and KEVIN J. KEANE, in his
individual capacity,

              Defendants,

**MEMORANDUM AND ORDER**
Case No. 23-cv-7281

*Appearances:*
*For the Plaintiff:*
COLLEEN F. DOWD
RICHARD T. CORDANO
Russo, Karl, Widmaier & Cordano,
PLLC
400 Town Line Road
Hauppauge, New York 11788

*For the Defendants:*
NANCY V. WRIGHT
MADJEEN GARCON
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
150 E. 42nd Street
New York, New York 10017

**BLOCK, Senior District Judge:**

    Plaintiff Charles Mattern ("Mattern") brings this action against PFK

O'Connor Davies, LLP ("PFKOD"), Henry A. Freire ("Freire"), and Kevin J.

Keane ("Keane) (together, "Defendants"). Mattern asserts claims under the Family

and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, New York State Human

Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, New York Labor Law

1

("NYLL") § 198, and New York Partnership Law ("NYPL") §§ 43, 44, as well as breach of contract and unjust enrichment claims. The Defendants move to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion is GRANTED in part and DENIED in part.

## Background

On a Rule 12(b)(6) motion, the Court assumes the complaint's factual allegations, but not legal conclusions, to be true. *See Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013). To survive, the complaint must include sufficient facts to state a claim to relief that is facially plausible, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), i.e., the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court may also consider any documents attached to the Complaint. *See Carlin v. Davidson Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017).

Mattern worked as an accountant for the accounting firm Albrecht, Viggiano, Zureck & Company, P.C. ("AVZ") for 36 years, the last 17 as a partner. In August 2020, PKFOD purchased AVZ, an acquisition overseen by Freire and Keane. Under the terms of the asset purchase agreement ("APA"), Mattern then became a

2

partner with PFKOD beginning January 1, 2021. Under the APA, he received a partnership interest in PKFOD in the form of "equity units," as well as an annual salary of $260,000 less a $65,000 holdback, amounting to semi-monthly payments of $8,125. The APA also referenced an Amended and Restated Partnership Agreement of PKFOD ("ARPA"), which the APA said had been made available to AVZ equity partners. However, the ARPA was not made available at the time the APA was negotiated, nor at the time it took effect.

For several years prior to the acquisition, Mattern had suffered from serious depression. On May 7, 2021, Mattern was unable to work on account of this depression. On his doctor's advice, he took a leave absence pursuant to the FMLA from May 7, 2021, through Aug. 2, 2021. During Mattern's leave, Defendants repeatedly attempted to contact him about business matters, attempted to email him a copy of the ARPA, and threatened to withhold—and ultimately did withhold—his pay. In total, Defendants withheld approximately $31,127.50 from Mattern during his FMLA leave of absence and through September 10, 2021. While Mattern was on leave, Defendants also did not properly service at least one of Mattern's clients.

On August 24, 2021, after he had returned to work, Mattern asked both Freire, and Robert Quarte, another PKFOD partner, for a copy of the ARPA. Also following his return from leave, Defendants began to criticize Mattern's billing practices, and on Sept. 30, 2021, Defendants terminated Mattern. The Defendants

did not terminate other partners with similar billing practices. Following his termination, Defendants did not compensate Mattern for his "equity units" as a partner. Likewise, Defendants did not compensate Mattern for his defined retirement benefits, capital account, or for his book of business, which transferred to PKFOD under the APA. Defendants also refused to pay Mattern his last paycheck or the prorated portion of his $65,000 holdback.

## Discussion

*FMLA Interference and Retaliation Claims*

To state an FMLA interference claim, Mattern must plausibly allege that: (1) he is an eligible employee under the FMLA, (2) the defendant is an employer under the FMLA, (3) he was entitled to FMLA leave, (4) he gave notice to his employer of his intention to take leave, and (5) he was denied benefits to which he was entitled by the FMLA. *See Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016).   Similarly, to plead a prima facie case of retaliation, Mattern must allege that he (1) exercised rights protected under the FMLA, (2) was qualified for his position, (3) suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *See id.* at 429.

Mattern has pleaded that Defendants interfered with his FMLA leave by threatening to withhold pay and reaching out to him to work on client matters

4

during his absence. Though such threats may be better understood as retaliation, and simply attempting to contact an employee out on FMLA leave does not necessarily constitute interference, *see Reilly v. Revlon, Inc.*, 620 F. Supp. 2d 524, 537 (S.D.N.Y. 2009) ("Fielding occasional calls about one's job while on leave is a professional courtesy that does not abrogate or interfere with the exercise of an employee's FMLA rights."), Mattern has provided facts that could support such an inference.

Mattern, who has pleaded ample facts supporting his job qualifications, alleged that he suffered an adverse employment action—his termination, amongst others—in retaliation for his exercise of FMLA rights. Mattern alleged retaliatory intent by providing temporal-proximity evidence that Defendants began threatening to withhold his pay in June 2021, within two months of the start of his FMLA leave, and that he was terminated in September 2021, within two months of his return from FMLA leave, which is sufficient to state a claim of retaliation. *See Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty.*, 252 F.3d 545, 554–55 (2d Cir. 2001) (collecting cases suggesting a two-or-three-month temporal limit but declining to set an outer bound).

Finally, Mattern has pleaded facts supporting a plausible inference that Freire and Keane were individually involved in this interference and retaliation, in that they were both partners in AFZ involved in the PKF acquisition, both had

5

power to fire him, and both participated in the decision to do so. *See Noia v. Orthopedic Assocs. of Long Island*, 93 F. Supp. 13, 16 (E.D.N.Y. 2015) (cleaned up) (describing economic reality test for individual liability under the FMLA). Thus, Defendants' motion to dismiss Mattern's claims under the FMLA pursuant to Rule 12(b)(6) is denied.

*Disability Discrimination Claims*

To state a claim for disability discrimination under both the ADA and NYSHRL, Mattern must allege facts supporting a plausible inference that (1) the employer is subject to the ADA, (2) he is disabled within the meaning of the ADA or perceived to be so by his employer, (3) he was otherwise qualified to perform his job's essential functions with or without accommodation, (4) he suffered an adverse employment action, and (5) that action was imposed due to his disability. *See Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015); *see also Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006) ("A claim of disability discrimination under the [NYSHRL] is governed by the same legal standards as govern federal ADA claims."). Claims under the NYCHRL are evaluated under a "broader" standard. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013).

Contrary to Defendants' contention, Mattern has pleaded facts sufficient to demonstrate a disability based on his major depressive order. *See Oblas v. Am.*

6

*Home Assurance Co.*, 199 F.3d 1323, 1323 (2d Cir. 1999) (noting that

"'depression' can qualify as a disability for purposes of the ADA."); *McCowan v.*

*HSBC Bank USA*, 689 F. Supp. 2d 390, 400 (E.D.N.Y. 2010) ("Depression may

qualify as a mental impairment under the ADA."). That Mattern returned from

leave, does not prevent the drawing of a plausible inference that his disability

persisted. Accordingly, he has stated a claim for disability discrimination under the

ADA, NYSHRL, and NYCRHL

Defendants nevertheless correctly observe that "[i]ndividuals may not be

sued in their individual or personal capacity under the ADA[.]" *Cohn v. KeySpan*

*Corp.*, 713 F. Supp. 2d 143, 154 (E.D.N.Y. 2010) (citing *Spiegel v. Schulmann*, 604

F.3d 72, 79–80 (2d Cir. 2010)); *see also Sears-Barnett v. Syracuse Cmty. Health*

*Ctr., Inc.*, 531 F. Supp. 3d 522, 535 (N.D.N.Y. 2021) (observing that, in line with

Second Circuit guidance, district courts in this circuit "have routinely held that

there is no individual liability at all under the ADA"). Such is not, however, the

case with respect to the NYSHRL, under which claims of liability may arise due to

an individual's ownership interest, ability to hire and fire, or aiding and abetting of

discrimination. *See Wilkinson v. New York State*, No. 18-CV-4148, 2019 WL

5423573, at *17 (E.D.N.Y. Oct. 22, 2019); *see also Harris v. N.Y.C. Hum. Res.*

*Admin.*, No. 20-CV-2011, 2022 WL 3100663, at *14 (S.D.N.Y. Aug. 4, 2022)

("Unlike the ADA . . . the NYSHRL and NYCHRL allow for individual defendants

who actually participate in discriminatory conduct to be held personally liable for that conduct." (cleaned up)).

Mattern has pleaded sufficient facts describing Freire's and Keane's control over and involvement in the alleged discriminatory acts, including their membership in PFKOD's management committee, and participation in the construction of a pretext for his termination. Accordingly, Mattern's ADA discrimination claims are dismissed with respect to individual defendants Freire and Keane, but his NYSHRL and NYCHRL claims persist.

*New York Labor Law Claim*

Non-discretionary payments, even those that do not arise from an enforceable contract, are covered by the NYLL. *See Griffith v. Coney Food Corp.*, No. 19-CV-1601, 2020 WL 4748452, at *6 (E.D.N.Y. Aug. 17, 2020) (citing *Kloppel v. HomeDeliveryLink, Inc.*, No. 17-CV-6296, 2019 WL 6111523, at *5 (W.D.N.Y. Nov. 18, 2019)) (noting that no enforceable contract right is necessary to support a viable NYLL claim); s*ee also Rosa v. TCC Commc'ns, Inc.*, No. 15-CV-1665, 2016 WL 67729, at *5 (S.D.N.Y. Jan. 5, 2016) (citing *Wachter v. Kim*, 82 A.D.3d. 658 (1st Dep't 2011)) (noting non-discretionary payments are covered by NYLL).

Mattern stated a claim for unpaid wages based on Defendants' failure to remit his final paycheck or to pay him the prorated portion of his salary PFKOD

had withheld. His has identified specific, non-discretionary payments he is owed in connection with prior work undertaken for PFKOD.

*New York Partnership Law Claims*

Under the NYPL, a claim seeking an accounting first requires a plaintiff to establish the existence of a fiduciary duty or trust-based relationship that would give rise to such a right. *See Sriraman v. Patel*, 761 F. Supp. 2d 7, 17 (E.D.N.Y. 2011). Defendants' contention that no valid partnership agreement with Mattern existed is a question of fact that may not be resolved at this stage. Mattern has plausibly alleged that he was a partner in AVZ, and then became a partner of PFKOD under the terms of the APA, and thus that he was in a fiduciary relationship with the Defendants. *See Graubard Mollen Dannett & Horowitz v. Moskovitz*, 86 N.Y.2d 112, 118 (1995) (citing *Meinhard v. Salmon*, 249 N.Y. 458, 464 (1928)). And, under the NYPL, a partner shall have the right to a formal account as to partnership affairs when "wrongfully excluded from the partnership business[.]" N.Y. Partnership Law § 44.

Mattern has pleaded facts sufficient to support an inference that as a partner in PKFOD he has been wrongfully excluded from the partnership business. His complaint describes the terms by which PKFOD acquired AVZ and subsequently treated Mattern as partner, granting him partnership benefits in accordance with the APA. Mattern has likewise sufficiently stated a claim for breach of fiduciary

duties, articulating facts supporting a plausible inference that Defendants breached these duties by withholding partnership benefits, including his equity shares in the partnership. Accordingly, Mattern has properly stated claims for an accounting and breach of fiduciary duties under the NYPL.

### Breach of Contract Claim

"To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). Defendants dispute the existence of a contractual agreement in the first instance. However, the absence of a signed copy of the APA or partnership agreement from Mattern's complaint does not mean, as Defendants contend, that Mattern has failed to adequately plead a breach of contract claim; discovery may be needed to ascertain the existence, or not, of such an agreement. *See Rockaway Bev., Inc. v. Wells Fargo & Co.*, 378 F. Supp. 3d 150, 160–62 (E.D.N.Y. 2019) (denying motion to dismiss breach of contract claims reasoning discovery necessary to ascertain existence of contract where no executed writing was produced).

Additionally, Defendants' simultaneous contentions that Mattern's breach of contract claims must fail both because he was an "at-will" employee and because

of the Statute of Frauds are self-contradictory, as the Statute of Frauds does not apply to at-will employment contracts. *See Canet v. Gooch Ware Travelstead*, 917 F. Supp. 969, 984 (E.D.N.Y. 1996). Mattern's complaint sufficiently pleaded the existence of an agreement and specific terms breached by Defendants concerning his entitlement to an annual salary, equity units, and other compensation. The factual allegations of his complaint support a plausible inference that there was a contractual agreement. The parties' respective claims concerning the existence or nonexistence of such agreement and its terms or nature may be confirmed or dispelled through discovery.

*Unjust Enrichment Claim*

To state a claim for unjust enrichment, a plaintiff must allege that (1) defendant was enriched, (2) the enrichment was at plaintiff's expense, and (3) the circumstances were such that equity and good conscience require restitution. *See Sklyar v. Energizer Brands, LLC*, No. 20-CV-6216, 2022 WL 4539573, at *4 (E.D.N.Y. Sept. 28, 2022) (citing *Violette v. Armonk Assocs., L.P.*, 872 F. Supp. 1279, 1282 (S.D.N.Y. 1995)). Mattern has adequately pleaded that Defendants were enriched at his expense by stating facts alleging that PFKOD assumed his clients and book of business following its acquisition of AVZ without providing fair compensation in return. Taking the facts in the complaint as true, Mattern was

allegedly entitled to receive restitution for the value of this benefit conferred upon Defendants.

Defendants' argument that Mattern's unjust enrichment claim is "duplicative" of his breach of contract claim is unavailing. The Federal Rules of Civil Procedure permit a plaintiff to plead alternative or inconsistent causes of action. FED. R. CIV. PROC. 8(d); *see also Kroshnyi v. U.S. Pack Courier Servs.*, 771 F.3d 93, 111 n.32 (2d Cir. 2014). A plaintiff may plead both that a defendant breached a contract and was unjustly enriched. *See Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 616 n.10 (S.D.N.Y. 2003). A claim for unjust enrichment arises "in the absence of any agreement" as would sustain a contract claim, *see Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572 (2005), but Mattern may permissibly plead alternative theories and has sufficiently done so.

### Conclusion

Defendants' motion is GRANTED insofar as it seeks dismissal of the disability discrimination claims under the ADA against the individual defendants Freire and Keane and is otherwise DENIED.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 26, 2024